UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL NO. 08-232-ART

FRED ERNEST JONES                                                    PETITIONER

VS:                              RECOMMENDED DISPOSITION

JOSEPH MEKO, WARDEN                                         RESPONDENT

* * * * * * * *

Petitioner Fred Ernest Jones is a state prisoner confined in Kentucky at the Little Sandy

Correctional Complex.  He was convicted by jury trial in Bell Circuit Court for two counts of

sodomy on August 11, 2000.  Jones received a twenty-year prison term, 10 years for each count.

*See* DE #1-1 ¶¶ 1-6 (hereinafter "§ 2254 Application").  Jones appealed, and the Kentucky Supreme

Court affirmed the conviction in September 2001.[1]  *See id.* ¶ 9(d); *see also Jones v. Commonwealth*,

No. 2005-CA-002506-MR at 1 (Ky. Ct. App. October 27, 2006) ("Our Supreme Court affirmed the

conviction on direct appeal.  2005-SC-0785-MR.  The opinion was final on September 13, 2001.")

Jones did not file a petition for writ of certiorari in the United States Supreme Court.  *See* § 2254

Application ¶ 9(h).

According to the record, Jones filed his first state post-conviction motion, per RCr 11.42, in

June 2005.  *See Jones v. Commonwealth*, No. 2005-CA-002506-MR, at 1.  The state trial court

denied the motion as untimely.  *See id*.  The Kentucky Court of Appeals affirmed, finding that Jones

---

[1]

The Kentucky Supreme Court decision affirming Jones's conviction is unpublished and not
in the record.

failed to present sufficient evidence for equitable tolling to spare the motion.[2] *See id*. at 2-3. Jones

subsequently filed a distinct motion for relief under CR 60.02. The state trial court summarily

rejected the matter. *See Commonwealth v. Jones*, No. 99-CR-00072 (Bell Cir. Ct. Mar. 23, 2007)

(order denying Jones's CR 60.02 motion). The state court of appeals affirmed because the claims

raised by Jones were not cognizable under CR 60.02. *See Jones v. Commonwealth*, No. 2007-CA-

000980-MR, at 3 (Ky. Ct. App. June 27, 2008). Jones filed the pending *pro se* § 2254 petition in

the United States District Court for the Eastern District of Kentucky on July 22, 2008. *See* § 2254

Application. The District Judge referred the matter to the undersigned for a recommended

disposition.

After undertaking an initial review of the petition and accompanying state records, per Rule

4 of the Rules Governing Section 2254 Proceedings, the Court found Jones's § 2254 petition to be

untimely, with no evident basis for equitable tolling. *See* DE #3 Order at 5. In accordance with *Day*

*v. McDonough*, 126 S.Ct. 1675, 1684 (2006), the Court provided Jones with "fair notice and an

opportunity" to file a response demonstrating that the pending § 2254 petition should not be

dismissed as untimely. *See id.* Jones responded on September 10, 2008, meeting the deadline

provided by the Court. *See* DE #4 Response. Having reviewed the Response, the Court finds that

Jones ultimately has failed "to provide a sufficient basis in law and fact to established timeliness,"

as directed in the Court's previous order. *See* DE #3 Order. Therefore, the Court, as an act of initial

consideration, recommends that the District Court DISMISS Jones's § 2254 petition as time-barred.

---

[2]

Jones apparently filed a duplicative RCr 11.42 motion while the first RCr 11.42 motion was
pending on appeal. *See Jones v. Commonwealth*, No. 2007-CA-000980-MR at 2 (Ky. Ct. App. June
27, 2008). The state trial court denied the second post-conviction motion. *See id.*

**Relevant Facts**

In his § 2254 petition, Jones alleges two substantive grounds for relief: ineffective assistance of counsel and failure of state officials to provide a "mental evaluation" after learning that Jones suffered from mental health problems. *See* § 2254 Application ¶ 12. Jones also acknowledges that his petition is not timely. *See* § 2254 Application ¶ 18. However, as justification to save the filing, Petitioner lists the following factors that hindered his ability to file on time: 1) the inaccessibility of his materials in the prison law library following a riot, which kept Jones from filing a timely post-conviction motion; 2) the failure of his appellate attorney to raise issues on direct appeal; 3) the failure of the state to appoint counsel to assist with post-conviction motions; and 4) reliance on seemingly unhelpful "inmate representatives." *See id.*

When asked by the Court to provide more substantial evidence to establish timeliness, Jones[3] added the following factors: 1) lack of literacy skills and lack of mental capacity to appreciate the nature of his trial and post-conviction proceedings, which purportedly entitled him to appointment of counsel; 2) the withholding of "valuable evidence" by his trial attorney; 3) the failure of his trial attorney to call alibi witnesses who were allegedly present in a room in the courthouse; and 4) the state courts' denials of every motion filed by Jones, which he contends kept him from exhausting state court remedies. *See* DE #4 Response at 2-3. Jones also argues, per *Fryrear v. Parker*, 920

---

[3]

Charitably construed. *Pro se* petitions receive a comparatively lenient construction by the Court. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (holding that "allegations of a *pro se* habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation" toward encompassing an allegation stating "federal relief").

S.W.2d 519 (Ky. 1996), that the state court should have allowed him to proceed on his second post-conviction motion as timely filed.[4] *See id.*

**Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") subjects § 2254 motions to a one-year limitation period. *See* 28 U.S.C. § 2244(d)(1). The statute provides:

The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* As noted above, Jones's § 2254 petition is based upon allegations of ineffective assistance of counsel and the failure of state officials to provide a "mental evaluation." Therefore, it appears that § 2244(d)(1)(A) would be the only applicable timing provision.

For purposes of § 2244(d)(1)(A), the limitation period "does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired." *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). After the "state court of last

---

[4]

Jones misunderstands *Fryrear*, which merely held that habeas corpus was not the appropriate means of obtaining the relief sought by particular petitioners in that case. Instead, they were advised to file "expeditiously" a motion for CR 60.02 relief. *See Fryrear*, 920 S.W.2d at 522-523. Furthermore, the Court defers to the state court's holding that Jones's second post-conviction motion was not timely filed in accordance with Kentucky law. *See Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) ("Principles of comity require federal courts to defer to a state's judgment on issues of state law and, more particularly, on issues of state procedural law.").

resort" enters judgment, a criminal defendant has ninety days under Supreme Court Rule 13 to file a petition for a writ of certiorari. *See id*. Here, the record indicates that the Kentucky Supreme Court affirmed Jones's conviction in September 2001. As such, Jones's conviction would have become final, as required for § 2244(d)(1)(A), in December 2001. The AEDPA limitation period would have expired one year later, in December 2002.

Section 2244(d)(2) permits statutory tolling for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." *See* 28 U.S.C. § 2244(d)(2). However, this tolling provision "'does not . . . restart the clock at zero[]; it can only serve to pause a clock that has not yet fully run.'" *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulman*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). The record indicates that Jones filed a state RCr 11.42 motion in June 2005 – roughly two and a half years after the AEDPA limitation period would already have expired. Petitioner subsequently filed another motion for relief under CR 60.02. Plainly, Jones filed the two state motions too late to toll the lapsed AEDPA limitation period. In addition, because Kentucky state courts rejected the RCr 11.42 motion as untimely, the motion clearly was not "properly filed," per § 2244(d)(2). *See Allen v. Siebert*, 128 S. Ct. 2, 4 (2007) ("[A] state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely."); *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1811 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."). Therefore, Jones's § 2254 petition cannot be saved under the statutory tolling provision of § 2244(d)(2).

The only other source that could save Jones's § 2254 petition from being dismissed as untimely is the doctrine of equitable tolling. Because the AEDPA statute of limitations is not

jurisdictional, equitable tolling is permissible.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.

2004).  The doctrine, however, applies "sparingly," and the burden is on Jones.  *See Vroman*, 346

F.3d at 604.  In evaluating whether to toll the AEDPA limitation period, the Supreme Court has

remarked:

> Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.

*See Pace*, 125 S.Ct. at 1814.  To this end, the Sixth Circuit considers the following five factors: 1)

the petitioner's lack of notice of the filing requirement; 2) the petitioner's lack of constructive

knowledge of the filing requirement; 3) diligence; 4) absence of prejudice to the respondent; and 5)

the petitioner's reasonableness in remaining ignorant of the legal requirement to file the claim.  *See*

*Allen*, 366 F.3d at 401.  Jones admits that his § 2254 petition was untimely filed, and he does not

argue ignorance as to the temporal rule.  Thus, factors 1, 2, and 5 do not apply.  Furthermore, the

evidence does not support a finding that Jones was diligent in protecting his rights.  Jones adds

nothing to his original submission that would suggest diligence during the period between judgment

finality and lapse of the AEDPA deadline.  Since the "factors are not necessarily comprehensive,"

the Court will evaluate whether Jones has proven the existence of "extraordinary circumstances"

sufficient to warrant equitable tolling.  *See Rucker v. Bell*, No. 1:07-cv-152, 2008 WL 56025 at *4

(E.D. Tenn. Jan. 3, 2008).

Here, Jones complains that state officials "failed to provide" him "legal assistance," *see* §

2254 Application ¶ 18, and he argues that such legal assistance was necessary due to his illiteracy

and inability to appreciate the nature of post-conviction proceedings.  *See* DE #4 Response at 2.  In

lieu of legally-trained counsel, Jones reports that he had to seek assistance from "fellow inmates"

who "hindered" him from filing a timely § 2254 motion. *See* § 2254 Application ¶ 18. Furthermore, Petitioner asserts that the state courts "denied every motion that has been sent," thereby preventing him "from exhausting his state court remedies before bring [sic] his claims before this Court." *See* DE #4 Response at 3.

These facts fail to establish "extraordinary circumstances," per *Pace v. DiGuglielmo*. As the Supreme Court observed in *Coleman v. Thompson*, 111 S.Ct. 2546, 2566 (1991): "There is no constitutional right to an attorney in state post-conviction proceedings." Similarly, federal courts have rejected equitable tolling based on prisoner-filers' complaints that they "had limited access to legal assistance" or had to "rely on inmate jail house lawyers." *See Francis v. Miller*, 198 F. Supp.2d 232, 235 (E.D.N.Y. 2002); *Chan v. United States*, No. 00-CV-0862, 2000 WL 1843290, at *2 (E.D.N.Y. Oct. 25, 2000). As for Jones's assertions regarding his questionable literacy and lack of mental capacity necessary to appreciate the nature of the proceedings, Petitioner fails to specify the nature and extent of his abilities or to demonstrate with specificity how "the alleged incompetence affected his ability to file a timely habeas petition." *See Rucker*, 2008 WL 56025 at *6 (citing *Nara v. Frank*, 264 F.3d 310, 320 (3rd Cir. 2001)).

In another attempt to demonstrate the presence of "extraordinary circumstances," Jones explains that jail officials closed the law library after a prison riot, thus preventing him from accessing his legal materials stored inside the library. *See* § 2254 Application ¶ 18; DE #4 Response at 1. According to Jones, the incident prevented him from pursuing state and federal post-conviction relief. The record indicates, however, that the riot occurred in September 2004. *See Jones v. Commonwealth*, No. 2005-CA-002506-MR, at 3 (rejecting this circumstance as support for Petitioner's argument that his state post-conviction motion should be considered timely filed) . The

AEDPA one-year limitation period had expired in December 2002, almost two years earlier. Thus, the riot would have no impact on Jones's ability to file a timely § 2254 petition.

A final argument by Jones is the allegation that his trial attorney, whom he described as "a civil attorney who held 'no' are [sic] little interest in criminal proceedings," withheld "valuable evidence" and failed to call available alibi witnesses. Jones asserts that the evidence and witness testimony would have convinced the jury to acquit him. *See* DE #4 Response at 2. These arguments go to the merits of Jones's claim of ineffective assistance of counsel and do not impact the timeliness analysis.

**Conclusion**

In sum, the record as supplemented by Jones's response to the Court's Rule 4 Order provides no basis for statutory or equitable tolling. Jones has failed to show diligence, extraordinary circumstances, or that he was reasonably unaware of the filing requirement. The Court finds that the pending § 2254 petition is time-barred and **RECOMMENDS** that the District Court **DISMISS,** with prejudice.

The Court further RECOMMENDS that the District Court refuse entirely a certificate of appealability, should Jones request issuance of a COA. When a procedural bar (such as a limitations period) results in dismissal, to secure a COA under 28 U.S.C. § 2253, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). A plain procedural bar, per *Slack*, indicates that "no appeal would be warranted." *See id.* Here, the

8

Petition is not timely, and Jones presents no credible basis for invocation of equitable tolling. As such, the Court should not issue a COA, if sought.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b)(1), Fed. R. Civ. P. 72(b), and local rule, within ten days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. *See also* Fed. R. Crim. P. 59.

This the 26th day of September, 2008.

Signed By:

Robert E. Wier

United States Magistrate Judge